**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION--CLEVELAND**

**William James Covrett,**
**Administrator of the Estate of**
**James Norman Covrett, deceased,**
40 Chestnut Street
Delaware, OH 43015

Plaintiff,

v.

**World Logistics USA Inc.**
173 County Route 526
Allentown, NJ 08501
and
c/o Glen Poller, BOC3 Agent
610-618 West St. Georges Ave.
Linden, NJ 07036

and

**Paulo C. DaSilva**
249 Oliver Street – 1st Floor
Newark, NJ 07105

Defendants.

Case No.: 1:22-CV-273

Judge

**COMPLAINT WITH DEMAND FOR JURY TRIAL**

William James Covrett, in his capacity as the Administrator of the Estate of James Norman Covrett, deceased, files the following complaint.

## OVERVIEW

On November 8, 2021, James Norman Covrett was run over by Defendants' tractor trailer on I-71 North in Perry Township, Richland County, Ohio, while he was standing lawfully on the shoulder of the highway for purposes of changing a tire.

## PARTIES

1. Plaintiff William James Covrett is a domiciliary and citizen of the State of Ohio, residing in Delaware County. On or about November 24, 2021, the Delaware County, Ohio, Probate Court appointed him as the Administrator of the Estate of his father, James Norman Covrett, and issued letters of authority to him on November 29, 2021, a copy of which is attached as Exhibit A.

2. Defendant World Logistics USA was, at the time of the incident at issue, a for-hire motor carrier operating the commercial motor vehicle described herein transporting property in interstate commerce. It was registered with the Federal Motor Carrier Safety Administration with a USDOT number of 823590 and an MC number of 00365777 and it was, at the time of the incident at issue, a business entity organized and existing under the laws of the State of New Jersey with its principal place of business in Allentown, New Jersey.

3. Defendant Paulo C. DaSilva resides at 249 Oliver Street, 1st Floor, Newark, NJ 07105.

## JURISDICTION and VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and because it

is a matter between citizens of different states. Defendants are citizens of New Jersey. Plaintiff is a citizen of Ohio.

5. This Court has specific personal jurisdiction over Defendants pursuant to the personal jurisdiction jurisprudence of the United States Supreme Court, and the requirements of Civil Rule 4(k)(1)(A) and Ohio Revised Code Section 2307.382 can be satisfied.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2) as this action arises from a motor vehicle collision occurring in Richland County, Ohio, which is located in the Eastern Division (Cleveland) of the Northern District of Ohio.

## FIRST CAUSE OF ACTION

*Wrongful Death – Negligence of Paulo C. DaSilva and World Logistics USA Inc. in Operation of Tractor Trailer*

7. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

8. Plaintiff brings this Cause of Action under Ohio's Wrongful Death Statutes, found at R.C. Chapter 2125.

9. Defendant Paulo C. DaSilva was driving Defendants' tractor trailer on November 8, 2021 at about 2:24 p.m.

10. Defendant DaSilva was driving Defendants' tractor trailer northbound on Interstate 71 in Perry Township, Richland County at the time of the accident.

11. James Norman Covrett was parked in a lawful location on the shoulder on the northbound side of Interstate 71 in Perry Township, Richland County, and changing a tire on a horse trailer at the time of the accident.

12. Defendant DaSilva veered out of his lawful lane of travel and onto the right shoulder and hit and killed James Norman Covrett.

13. Defendants had a duty to drive the semi-tractor trailer in a safe and reasonable manner, to obey all traffic laws, to not drive while distracted, to identify other vehicles on the road, including those parked in the shoulder, and to recognize and avoid vehicles parked in the shoulder.

14. On November 8, 2021, Defendants failed in the above-mentioned duties and each of them is, therefore, negligent.

15. Each Defendants' negligence was a direct and proximate cause of James Norman Covrett's injuries and death.

16. As a direct and proximate result of the negligence of the Defendants, James Norman Covrett's next of kin and beneficiaries, including William James Covrett (son of James Norman Covrett), Phyllis Covrett (mother of James Norman Covrett), Faith Elizabeth Covrett (grand-daughter of James Norman Covrett), Michael Covrett (brother of James Norman Covrett), Allen Covrett (brother of James Norman Covrett), Debbie Covrett (sister of James Norman Covrett) and Diane Burs (sister of James Norman Covrett) have experienced loss of services and his society, including loss of companionship, consortium, care, love, assistance, attention, protection, advice, guidance, counsel, instruction,

training, and education; along with mental pain, grief, anguish and emotional trauma in the past and will continue to experience the same in the future.

**SECOND CAUSE OF ACTION**

*Vicarious Liability of Defendant World Logistics USA Inc.*

17. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

18. At all relevant times, Defendant DaSilva was the agent and/or servant and/or employee for Defendant World Logistics USA Inc. Accordingly, Defendant World Logistics USA Inc. is vicariously liable for the acts of Defendant DaSilva described in the causes of action above.

19. Regardless of the employment or agency relationship, Defendant World Logistics USA Inc. is an interstate motor carrier and the registered owner of the USDOT number 823590 displayed on the tractor-trailer involved in this collision and is therefore responsible for the acts of the Defendant driver.

**THIRD CAUSE OF ACTION**

*Wrongful Death – Negligence of Defendant World Logistics USA Inc.*

20. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

21. Defendant World Logistics USA Inc. had a duty to act reasonably in hiring, instructing, training, supervising, dispatching, route-planning, and retaining all drivers operating under its federal motor carrier operating authority and other employees and agents, including Defendant DaSilva, and to promulgate and

enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe. Defendant World Logistics USA Inc. had a duty to exercise reasonable care in all of its actions and omissions.

22. Defendant World Logistics USA Inc. has safety scores that violate federal regulatory enforcement thresholds in the behavioral analysis safety improvement category for vehicle maintenance and had a duty to exercise reasonable care in developing a safe system to ensure that trucks available for-hire under its motor carrier authority are maintained properly, safely, and in compliance with federal regulatory requirements.

23. Defendant World Logistics USA Inc.'s out-of-service percentages for vehicle inspections is 34.10%, exceeding the national average of 20.72%. "Out-of-service" means that the vehicles were taken off the road for severe safety violations because the vehicles were deemed to be a hazard to the driver and the motoring public.

24. Defendant World Logistics USA Inc. had a duty to exercise reasonable care in establishing and enforcing safety management controls, systems, policies, programs, practices, and procedures to ensure compliance with safety, such as distracted driving rules and safeguards and to create a corporate culture that encourages safe driving practices.

25. Defendant World Logistics USA Inc. has safety scores that violate federal regulatory enforcement thresholds in the behavioral analysis safety improvement category for hours-of-service compliance and had a duty to exercise

reasonable care not to overwork its drivers, like Defendant DaSilva, to the point of fatigue and/or to the point of violation of the hours-of-service regulations.

26. Defendant World Logistics USA Inc. had a duty to exercise reasonable care in its pay-per-mile compensation of Defendant DaSilva to create positive incentives for Defendant DaSilva not to speed for the purpose of maximizing miles driven within the daily regulatory limits of the hours-of-service regulations and not to create improper incentives to Defendant DaSilva to drive fatigued or beyond the limits of the hours of service regulations.

27. Defendant World Logistics USA Inc. failed in the above-mentioned duties and was therefore negligent.

28. Defendant World Logistics USA Inc.'s negligence was a direct and proximate cause of the injuries and death of James Norman Covrett, and the damages described in this Complaint.

## FOURTH CAUSE OF ACTION

*Survival Action*

29. All allegations and causes of action in this Complaint, pled above and below, are incorporated into this cause of action by reference.

30. As a direct and proximate result of the negligence of the defendants, James Norman Covrett experienced terror and conscious anguish, suffering and pain prior to his death.

31. As a direct and proximate result of defendants' negligence, James Norman Covrett's property and personal effects, including clothing and electronic devices, were damaged or destroyed.

**WHEREFORE**, Plaintiff respectfully requests judgment in his favor and against the Defendants in an amount that is just and fair and in excess of seventy-five thousand dollars, exclusive of costs and interest, plus costs and other relief that this Honorable Court deems just under the circumstances.

Respectfully submitted,

*/s/ Andrew R. Young*

Andrew R. Young (0071543)
D. J. Young, III (0071839)
Amy Papuga (0098669)
The Law Firm For Truck Safety LLP
31387 Lorain Road
Cleveland, Ohio 44070
(216) 961-3932
andy@truckaccidents.com
dj@truckaccidents.com
amy@truckaccidents.com

Attorneys for Plaintiff

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all triable issues.

*/s/ Andrew R. Young*

Andrew R. Young (0071543)
Attorney for Plaintiff